UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


ROBERT GEORGE HEAD JR.,

        Civil No. 07-3555 (DWF/JJG)

     Plaintiff,

   v.

        **REPORT AND RECOMMENDATION**

PATRICK MILLS, et al.,

     Defendants.


     Robert George Head Jr., Federal Correctional Institution – Pekin, P.O. Box 5000, Pekin, Illinois, 61555-5000, Plaintiff, pro se.

     Lonnie F. Bryan, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 S. Fourth Street, Minneapolis, Minnesota, 55415, for Defendants.

_____

JEANNE G. GRAHAM, United States Magistrate Judge

     Plaintiff, a federal prison inmate, is attempting to sue several individuals who allegedly violated his legal rights under federal law and the Constitution.  The named Defendants in this action have filed a motion to dismiss Plaintiff's current complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket No. 53.)  Plaintiff has filed a motion seeking a temporary restraining order, ("TRO").  (Docket No. 44.)  These two motions have been referred to the undersigned Magistrate Judge for a for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that (i) Defendants' motion to dismiss be granted, (ii) Plaintiff be granted one final opportunity to file a viable pleading, and (iii)

1

Plaintiff's motion for a TRO be denied.

## I.  BACKGROUND

Plaintiff commenced this action by filing a self-styled complaint, which named five Defendants.  (Docket No. 1.)  Three of the Defendants named in that pleading, Patrick Mills, Jason Lawrence, and Donovan Wind, are identified as "investigator[s] for the Redlake Department of Public Safety."  The two remaining Defendants are John Egelhof, who is identified as an investigator for the Federal Bureau of Investigation, and Clifford Wardlaw, who is identified as an Assistant United States Attorney.  All five of the named Defendants are represented in this matter by the United States Attorney for the District of Minnesota.

Several months after Plaintiff filed his original complaint, he filed his first amended complaint.  (Docket No. 11.)  At that time, none of the Defendants had appeared in this action, so Plaintiff was permitted to amend his complaint, "once as a matter of course," pursuant to Fed. R. Civ. P. 15(a).  After service of the amended complaint was effected on the  named Defendants, they filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (Docket No. 25.)  In response to that motion, Plaintiff filed an anomalous document entitled "Definite Statement." (Docket No. 35.)  Plaintiff subsequently filed a motion entitled "Motion For Leave To File A [sic] Amended Complaint In Support of Previously Filed More Definite Statement." (Docket No. 43.)  In that motion, Plaintiff requested leave to amend, so he could file a new complaint that would "perfect the record" and "take out all the alleged ambiguity."

This Court addressed Defendants' motion for a more definite statement, together

with Plaintiff's motion for leave to amend, in an order dated July 8, 2008.  (Docket No. 47.)  The Court noted that Plaintiff's submission entitled "Definite Statement" appeared to address many of the pleading defects raised in Defendants' motion for a more definite statement.  The Court also noted that Plaintiff had requested an opportunity to add the averments of the "Definite Statement" into a new amended complaint.  The Court therefore ruled that Plaintiff should be granted leave to amend, and, concomitantly, that Defendants' motion for a more definite statement should be denied.

The order setting forth the Court's ruling on Plaintiff's motion to amend explicitly stated: "As requested in Head's motion for leave to file an amended Complaint, <u>Head shall serve and file the allegations set forth in his 'Definite Statement,'</u> along with the relief he requests, <u>as his Second Amended Complaint</u>."  (Order dated July 8, 2008, [Docket No. 47], p. 3, [emphasis added].)  The final section of that order reiterated that "Head shall serve and file his Second Amended Complaint, <u>consisting of his Definite Statement</u> (Doc. No. 35) and a request for relief, within ten days of the filing of this Order."  (<u>Id</u>., p. 4, [emphasis added].)

Ten days later, (July 18, 2008), Plaintiff filed his "Amended Complaint w/ Jury Trial."  (Docket No. 50.)  Thereafter, Defendants filed their present motion seeking to dismiss that new pleading, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  DISCUSSION

A civil complaint will be dismissed upon motion by a defendant if it fails to state a cause of action on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In addition, federal law requires that a complaint filed by <u>a prisoner</u>, (such as Plaintiff here), be

dismissed on the court's own motion, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) under some established legal theory.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) ("the complaint must allege facts, which if true, state a claim as a matter of law").  A complaint does not state an actionable claim for relief by presenting merely a set of legal conclusions.  "At the very least ... the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (emphasis added).  See also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

In this case, Plaintiff's current pleading, (Docket No. 50), plainly fails to state any actionable claim for relief, because it alleges virtually no facts whatsoever.  The entire pleading consists of nothing more than a collection of amorphous legal conclusions, which are wholly unsupported by any factual allegations of any kind.  Instead of providing a clearly intelligible description of the historical events on which Plaintiff's lawsuit is based, (names, dates, places, and specific acts or omissions by clearly identified individuals), the current amended complaint is just a barely intelligible amalgamation of legal theories.

One cause of Plaintiff's defective pleading is obvious:  He did not include any of the averments of his "Definite Statement" in his new pleading, as the Court's previous

4

order explicitly directed him to do.  If Plaintiff had complied with that directive, his current complaint presumably would have included some historical facts that might have shed some light on why the named Defendants are being sued.  But again, the pleading that is now before the court, which Defendants seek to dismiss, alleges almost no facts at all.

Plaintiff may wish that the Court would consider his "Definite Statement" to be part of his current complaint, but that cannot be done.  Holloway v. Lockhart, 792 F.2d 760, 762 (8th Cir. 1986) ("[t]he court may not consider materials outside the complaint in deciding a motion under Rule 12(b)(6) unless the motion is treated as one for summary judgment").  Plaintiff must prepare his own pleading; the Court cannot attempt to divine his intentions and construct a pleading for him.  See Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts do not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  Nor is it possible to view the "Definite Statement" as a supplement or addendum to the current pleading, (or vice versa).  Such piecemeal pleading is inherently confusing and problematic.  That is why the Local Rules of the District Court require that "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  Local Rule 15.1 (emphasis added).

Here, the Court did not give Plaintiff permission to incorporate his "Definite Statement" into his new pleading by reference.  In order to avoid the problems and confusion associated with piecemeal pleading, the Court explicitly instructed Plaintiff to file an entirely new pleading "consisting of" his "Definite Statement," (and whatever

5

other allegations he deemed appropriate).  Plaintiff's failure to comply with that directive undoubtedly caused, (or at least contributed to), the shortcomings of his current pleading.

The Court does not mean to suggest that if Plaintiff's current complaint had included all of the allegations in the "Definite Statement," then he would have stated an actionable claim.  That is a hypothetical issue, which cannot be resolved at this time. The Court cannot speculate on whether Plaintiff would have stated an actionable claim if he had filed a different pleading.  The only issue now before the Court is whether Plaintiff's current complaint, as submitted, states a cause of action on which relief can be granted.  It clearly does not.  Therefore, the Court will recommend that Defendants' motion to dismiss be granted.

If the current complaint were Plaintiff's initial pleading, (or even his second one), the Court would be quite willing to allow him to replead.  However, Plaintiff has now filed three complaints, (not including the anomalous "Definite Statement"), and in light of this pleading history, the Court is much more reluctant to give him a chance to file yet another complaint.[1]  Nevertheless, being mindful of the admonition of Fed. R. Civ. P. 15(a)(2), i.e., that leave to amend should be "freely give[n]... when justice so requires," the Court will recommend that Plaintiff be given one last chance to file an amended complaint that states a cause of action.

---

[1]  The Court's reluctance to allow Plaintiff another chance to amend is heightened by some of the arguments raised in Defendants' motion to dismiss.  Those arguments raise grave doubts about whether Plaintiff can possibly bring any viable claim against Defendants.  The Court notes, in particular, that Plaintiff seems to concede that a judgment in his favor, on whatever claims he is attempting to bring in this action, would necessarily cast doubt on the validity of the conviction and sentence for which he is now imprisoned.  If that is indeed the case, then Plaintiff should not bother to replead, because his claims will undoubtedly be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

If the District Court Judge adopts the recommendation that Plaintiff be allowed to replead, then Plaintiff should be required to file a "Third Amended Complaint," within twenty days, which satisfies the following requirements:

(1)  The Third Amended Complaint must be an <u>entirely new and complete pleading</u>, which sets forth all of Plaintiff's claims against the named Defendants, without any reference to any prior submissions in this matter.

(2)  The Third Amended Complaint must allege a set of facts, (names, dates, places, circumstances and events), describing the specific acts and omissions of each named Defendant that have caused that Defendant to be sued.

(3)  All of the allegations in the Third Amended Complaint must be set forth in separate consecutively-numbered paragraphs.  (<u>See</u> Fed. R. Civ. P. 10(b).)

(4)  The Third Amended Complaint must identify the legal basis for each of Plaintiff's claims against each Defendant, and it must provide a brief description of how each named Defendant allegedly violated Plaintiff's legally protected rights.

(5)  The Third Amended Complaint must clearly describe all of the relief that Plaintiff is seeking in this action.

If Plaintiff does not file a new pleading within the time allowed, he should be deemed to have abandoned this action, and the case should be dismissed without prejudice.

Finally, the Court will recommend that Plaintiff's pending motion for temporary injunctive relief, (Docket No. 44), be denied.  It is well settled that the decision to grant or deny preliminary injunctive relief involves consideration of four factors:  (1) whether the moving party will suffer irreparable harm if an injunction is not granted; (2) whether

the potential detriment to the non-moving party from granting the injunction would outweigh any threat of irreparable harm to the movant; (3) whether the moving party will probably succeed on the merits of his claim(s); and (4) how public interests may be effected by granting or denying the injunction.  Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981).

Because the Court has determined that Plaintiff's current pleading must be dismissed, he has no viable claim pending against any Defendant in this action at this time.  Therefore, the Court could not possibly conclude (right now) that Plaintiff is likely to succeed on any claim against any Defendant.  For this reason alone, Plaintiff's pending motion must be denied.

In addition, Plaintiff has not identified any possible injury, ("irreparable" or otherwise), that he might sustain if he is not afforded immediate injunctive relief.  In fact, Plaintiff has not even indicated what type of injunctive relief he is seeking.  Plaintiff's four-page motion is a broad declaration of the purported legal rights of Native Americans, which has no discernible relevance to Plaintiff's lawsuit.  The final sentence of the motion, which provides the only possible clue about the relief Plaintiff is seeking, reads as follows:  "The Plaintiff respectfully requests that this court order Injunctive relief and/or a Temporary Restraining Order to prevent further action by other members, until the conclusion of this immediate action."  The intended meaning of this vague sentence is impossible to ascertain, but it does not suggest that Plaintiff will suffer any irreparable harm if his TRO motion is denied.

In sum, having carefully considered all of the Dataphase factors, the Court is fully satisfied that Plaintiff is not entitled to any injunctive relief in this matter at this time.

8

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Defendants' Motion to Dismiss, (Docket No. 53), be GRANTED; and that

Plaintiff's current amended complaint, (Docket No. 50), be DISMISSED WITHOUT

PREJUDICE;

2.  Plaintiff be given twenty days to file a Third Amended Complaint that satisfies

all of the specific pleading requirements prescribed by this Report and

Recommendation, failing which this action should be dismissed; and

3.  Plaintiff's "Motion For A Temporary Restraining Order And/Or A Temporary

Injunction," (Docket No. 44), be DENIED.

/s   *Jeanne J. Graham*

Dated:  December 29, 2008

JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 13, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.