# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert George Head, Jr., | Civil No. 07-3555 (DWF/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND MEMORANDUM** |
| United States of America, Donovan Wind, Jason Lawrence, Patrick Mills, John Patrick Egelhof, and Clifford Ben Wardlaw, | |
| Defendants. | |

Robert George Head, Jr., *Pro Se*, Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

This matter is before the Court upon Plaintiff Robert George Head, Jr.'s ("Plaintiff") objections to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated November 30, 2009, recommending that: (1) Defendants' Motion to Dismiss be granted; (2) Plaintiff's Motion to Strike Defendants' Motion to Dismiss be denied; and (3) this case be dismissed with prejudice. The Government has filed a response to the objections of the Plaintiff requesting that the Court adopt the Report and Recommendation of Magistrate Judge Graham.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Plaintiff Robert George Head, Jr.'s, objections (Doc. No. [93]) to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated November 30, 2009, are **DENIED**.

2.  Magistrate Judge Jeanne J. Graham's Report and Recommendation dated November 30, 2009 (Doc. No. [90]), is **ADOPTED**.

3.  Defendants' Motion to Dismiss (Doc. No. [81]) is **GRANTED**.

4.  Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Doc. No. [83]) is **DENIED**.

5.  This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2010        s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge

**MEMORANDUM**

As the parties are aware, pursuant to 28 U.S.C. § 1915, Magistrate Judge Jeanne J. Graham conducted a review of the Third Amended Complaint, a complaint which was filed after a previous dismissal without prejudice. The Report and Recommendation is now recommending dismissing the complaint currently before the Court.

Plaintiff has filed objections, arguing that the Report and Recommendation contains not only factual errors, but that it erroneously determines that the complaint fails to state claims for conspiracy that violated Plaintiff's civil rights proscribing excessive bail, cruel and unusual punishment, unreasonable searches and seizures, and outrageous government conduct, all occurring while the Plaintiff was in tribal custody that occurred pursuant to an arrest by tribal officers for a violation of tribal laws.

The Plaintiff has filed this action, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

First of all, as accurately observed by the United States in their response to the Plaintiff's objections, a Public Law 683 contract or the Indian Civil Rights Act (ICRA) do not satisfy the essential elements of a *Bivens* action; that is to say, conduct under the color of federal law resulting in a violation of the Constitution. This, standing by itself, is a sufficient reason to dismiss this action with prejudice.

The instant *Bivens* action arises in the context of the dual sovereignty of the Red Lake Band of Chippewa and the United States. The Red Lake Band of Chippewa and the United States are separate sovereigns. Significantly, dual prosecutions are proper

under the dual sovereignty exception to the Fifth Amendment, because the Red Lake Band of Chippewa acts as a separate sovereign when it prosecutes its own members for crimes not preempted by Congress. *Spears v. Red Lake Band of Chippewa Indians*, 363 F. Supp. 2d 1176, 1178 n.1 (D. Minn. 2005) *citing United States v. Wheeler*, 435 U.S. 313, 323-27 (1978).

Plaintiff has also asserted that, pursuant to Public Law 93-638, the tribal officers are federal officers. Such is not always the case, as observed by the United States in their response to Plaintiff's objections. A tribal law enforcement officer is able to enforce federal law if the BIA certifies the tribal officer as capable of enforcing federal law on the reservation. However, in addition to receiving such a certification, which the record does not establish in the case before the Court one way or the other, a BIA tribal officer must be enforcing federal law vis-a-vis tribal law. Thus, even assuming that the federal officers are certified, be they BIA, whether the officers were acting under color of federal law depends entirely on what law was being enforced, which means the facts in each case must be analyzed.

In the case before the Court, the facts alleged by the Plaintiff demonstrate that he was arrested on tribal charges; held in a tribal jail pursuant to bail set by a tribal officer, legal authority, it should be noted, that a federal officer does not possess; and then seen by a tribal judge to review the bail decision. Even then, the bail addressed only charges not preempted by Congress. Ironically, the Plaintiff's own assertions on why he is
4

entitled to recovery in this case, depends on the officers enforcing tribal law, not federal law.

The Third Amended Complaint before this Court is based entirely on the enforcement of tribal law, circumstances that do not satisfy the first element of a *Bivens* action. That necessarily means that no constitutional right could have been violated. It strikes this Court that the Plaintiff has some knowledge of this dilemma he finds himself in, which explains Plaintiff's assertion, in an effort to avoid the issue of dual sovereignty on his Third Amended Complaint, that the ICRA provides a source of law by which he can claim that the Constitution was violated, even though he was in tribal custody on tribal charges. However, the source of a Tribe's power to enforce its criminal laws is its inherent authority, not the ICRA or the Constitution. *United States v. Lara*, 541 U.S. 193 (2004). Consequently, Plaintiff's Third Amended Complaint does not satisfy the third element of a *Bivens* action, which is a violation of a right secured by the Constitution.

For these reasons, and those set forth in the Report and Recommendation, the Court has overruled Plaintiff's objections, adopted Magistrate Judge Jeanne J. Graham's Report and Recommendation, denied Plaintiff's motion to strike Defendant's motion to dismiss, and has dismissed this action with prejudice.

D.W.F.